IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-41,121-02






EX PARTE STEVEN ANTHONY BUTLER









ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 511112 IN THE 185TH JUDICIAL DISTRICT COURT


HARRIS COUNTY






 Per Curiam. MEYERS, J., dissents. 



O R D E R



 On November 10, 1988, Applicant was convicted of the offense of capital murder. 
The jury answered the special issues submitted under Article 37.071 of the Texas Code of
Criminal Procedure, and the trial court, accordingly, set punishment at death. The
conviction was affirmed on direct appeal. Butler v. State, 872 S.W.2d 227 (Tex. Crim.
App. 1994). Applicant's initial writ, Ex parte Butler, WR-41,121-01, was denied on
April 28, 1999. Applicant's first subsequent writ, Ex parte Butler, No. WR-41,121-02, in
which he claimed that his execution would violate the Eighth Amendment's prohibition
against the execution of the mentally retarded, was denied on June 27, 2007. 

 After the United States District Court for the Southern District of Texas denied
federal habeas relief, Applicant appealed to the United States Court of Appeals for the
Fifth Circuit. The record reflects that Fifth Circuit has entered an order staying its
proceedings in Cause Number 09-70003, styled Butler v. Thaler, for Applicant to return
to state court to present his claim. 

 Applicant has now submitted a suggestion that this Court "reconsider on its own
initiative the June 27, 2007 denial of Applicant's Atkins claim." See Atkins v. Virginia,
536 U.S. 304 (2002). While the Rules of Appellate Procedure do not permit the filing of
a motion for rehearing following the denial of a post-conviction application for writ of
habeas corpus, we may on our own initiative choose to exercise our authority to
reconsider our initial disposition of a capital writ. See Ex parte Moreno, 245 S.W.3d 419,
427-29 (Tex. Crim. App. 2008)(stating that we may choose to exercise this authority only
"under the most extraordinary of circumstances"). 

 This Court denied Applicant's Atkins claim in 2007, after Dr. George Denkowski
testified for the State at the hearing on the -02 writ application. In April 2011,
Denkowski entered into a Settlement Agreement with the Texas State Board of
Examiners of Psychologists, in which his license was "reprimanded." Pursuant to this
Settlement Agreement, Denkowski agreed to not accept any engagement to perform
forensic psychological services in the evaluation of subjects for mental retardation or
intellectual disability in criminal proceedings. In light of this Settlement Agreement, we
exercise our authority to reconsider this case on our own initiative. 

 This cause is remanded to the trial court to allow it the opportunity to re-evaluate
its initial findings, conclusions, and recommendation in light of the Denkowski
Settlement Agreement. The trial court may order affidavits or hold a live hearing if
warranted. The trial court may re-adopt its prior findings of fact, conclusions of law, and
recommendation, or it may make new or additional findings and conclusions and a new
recommendation to this Court. 

 This cause will be held in abeyance pending the trial court's compliance with this
order. The trial court shall resolve the issues presented within 60 days of the date of this
order. (1) A supplemental transcript containing the trial court's resolution or any additional
findings of fact and conclusions of law shall be returned to this Court within 90 days of
the date of this order. (2) 

 IT IS SO ORDERED THIS THE 14TH DAY OF DECEMBER, 2011.

Do Not Publish
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.